UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SARA B. CONNER, individually and on behalf of all others similarly situated; | Civil No. 1:18-cv-0002 |
| Plaintiff(s), | |
| v. | CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| CLEVELAND COUNTY EMERGENCY MEDICAL SERVICES, | |
| Defendant. | |

Plaintiff, Sara B. Conner ("Conner" or "Plaintiff"), by and through counsel, on behalf of herself and all others similarly situated, brings a collective action against Defendant Cleveland County Emergency Medical Services. ("Cleveland County EMS" or "Defendant") for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Conner, on behalf of herself and all others similarly situated, also brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et. seq.

**NATURE OF PLAINTIFF'S CLAIMS**

1.      Conner brings her FLSA claim pursuant to 29 U.S.C. § 216(b) and she seeks to recover overtime compensation and statutory penalties for herself and all similarly situated employees for all hours worked in excess of 40 hours per week during the three-year period preceding the filing of this Complaint.

2. Conner brings her NCWHA claim pursuant to the class action provision of Federal Rule of Civil Procedure 23 and she seeks to recover unpaid wages and related penalties and damages for herself and any similarly situated employees to remedy Defendant's practice and policy of willfully failing and refusing to pay Plaintiff and all similarly situated employees all of their earned and accrued wages on their regular pay dates.

## THE PARTIES

3. Conner is an adult individual who is a resident of Cleveland County, North Carolina. Conner was employed by Cleveland County EMS during the three-year period preceding the filing of this Complaint. Conner's Consent to Become a Party Plaintiff form is attached hereto as Exhibit A.

4. Cleveland County EMS is North Carolina government entity that employs emergency medical services technicians ("EMTs") within Cleveland County, North Carolina.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

6. This Court has personal jurisdiction because Defendant conducts business in Cleveland County, North Carolina, which is located within this judicial district.

7. Venue is proper in this judicial district because the unlawful acts alleged herein occurred in Cleveland County, North Carolina.

8. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

9. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

15. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

16. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. Cleveland County EMS provides emergency services and non-emergency transportation to sick and injured persons.

18. Cleveland County EMS employs EMTs who are responsible for administering medical care and transporting sick or injured persons in response to emergency calls and non-emergency transports.

19. Full-time Cleveland County EMTs are not exempt from the overtime provisions of the FLSA.

20. Cleveland County EMS publishes annual salary rates for full-time EMTs based on an established salary schedule that compensates EMTs based on experience, rank and tenure.

21. Full-time Cleveland County EMS technicians are scheduled to work schedules that are referred to as "24 hours on – 48 hours off" ("24/48 Schedule"). Pursuant to this scheduling system, Cleveland County EMS technicians are scheduled to work on a 21-day cycle that consists of a repeating 24-hour work shift that is followed by 48-hours off.

22. Cleveland County EMS' workweek for full-time EMTs begins at 7:00 a.m. each Thursday and ends the following Thursday at 6:59 a.m.

23. Cleveland County EMS pays its full-time EMTs on a bimonthly basis, issuing paychecks on the 15th and last day of each month.

24. Cleveland County EMS does not pay its full-time EMTs all of their earned regular wages each pay period. This is true because prior to January 1, 2018, Cleveland County EMS failed to pay full-time EMTs the entire amount of their earned salary each pay period.

25. Prior to January 1, 2018, Cleveland County EMS evaded the overtime provisions of the FLSA by including earned overtime pay as part of all EMTs' salaries, rather than paying earned overtime pay in addition to the EMTs' salaries.

26. By way of example, Conner earned an annual salary in the amount of $36,900. Based on Cleveland County's bimonthly pay schedule, which includes 24 payments per year, Conner earned $1,537.50 per pay period in regular wages.

27. For overtime purposes, Cleveland County EMS calculates an hourly rate for full-time EMTs by dividing the full-time EMT's salary by 2,928 hours (the actual number of scheduled work hours for full-time EMTs). Cleveland County EMS calculated an overtime rate for full-time EMTs by multiplying the hourly rate by 1.5.

28. By way of example, Cleveland County EMS calculated Conner's hourly rate by dividing $36,900 by 2,928 hours, which is $12.60 per hour. Conner's overtime rate is $12.60 per hour multiplied by 1.5, which is $18.90 per hour.

29. Cleveland County EMS failed to pay its full-time EMTs the entire amount of their earned salaries because each pay period, rather than paying 1/24 of their earned salaries, Cleveland County EMS paid its EMTs the equivalent of the hourly pay rate described in paragraphs 27-28 above multiplied by 2,080 hours (a standard 40-hour work week x 52 weeks) divided by 24 pay periods.

30. By way of example, rather than paying Conner 1/24 of her $36,900 earned salary each pay period ($1,537.50 regular wages per pay period), Cleveland County EMS paid Conner the equivalent of $12.60 per hour multiplied by 2080 hours, which is $26,208. This amount was then divided into 24 pay periods, resulting in the payment of $1,092 in regular wages per pay period.

31. As a result, each pay period, Cleveland County EMS included $447.50 ($1,537.50-$1,092.00) of Conner's earned regular wages as part of Conner's earned overtime wages, thus resulting in the underpayment of Conner's earned and accrued regular and overtime compensation.

32. In effect, Cleveland County subsidized its obligation to pay overtime wages to EMTs by treating a portion of their earned regular wages as overtime pay.

33. All full-time Cleveland County EMTs who work the 24/48 Schedule are paid pursuant to the same pay structure.

34. Effective January 1, 2018, Cleveland County EMS began paying full-time EMTs the full amount of their earned salaries each pay period, plus overtime.

35. Full-time EMTs are eligible to work additional work hours outside of their scheduled shifts.

36. Cleveland County EMS pays its full-time EMTs additional compensation for each extra shift worked outside of their scheduled shifts.

37. Full-time EMTs who are absent from scheduled shifts are permitted to use paid time off to cover these absences.

38. If a full-time EMT does not have sufficient paid time off to cover an absence, Cleveland County EMS requires the full-time EMT to take the absence without pay.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings Count I of her Complaint pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 201 et. seq.

40. Cleveland County EMS employs full-time EMTs who work the 24/48 Schedule.

41. Conner is similarly situated to other current and former full-time EMTs who work the 24/48 Schedule in that they share similar titles, job duties, and compensation schemes, including the uniform policy and practice of calculating their regular and overtime wages.

42. Pursuant to policy and practice, Cleveland County EMS has failed to pay its full-time EMTs who work the 24/48 Schedule all of their earned overtime wages at the rate required by the FLSA.

43. Application of the aforementioned policy and practice was not dependent on the personal circumstances of individual full-time EMTs, but rather affected Plaintiff and all Members of the Class. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the failure to pay overtime at the rates required by the FLSA applied to Plaintiff and all Members of the Class. Accordingly, the class is properly defined as: **All current and former full-time EMTs at Cleveland County EMS within three years prior to the filing of this Complaint.**

44. Cleveland County EMS willfully violated the provisions of the FLSA by failing to pay full-time EMTs in compliance with the FLSA.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings Count II of her Complaint pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class: **All current and former full-time EMTs at Cleveland County EMS within two years prior to the filing of this Complaint.**

46. This action under NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 7, is maintainable as a class action pursuant to Rule 23 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

47. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which they have control.

48. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of approximately 80-100 persons.

49. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant refused to timely pay Plaintiff and members of the proposed class promised and earned regular and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6 and 7; and

(b) Whether Defendant's refusal to pay such compensation is in violation of NCWHA.

50. The damages suffered by the named Plaintiff and the members of the proposed class arise from the same nucleus of operative facts.

51. The claims of Plaintiff are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant; i.e. refusing to timely pay promised and earned wages on regular paydays. The compensation policies and practices of Defendant affected all class

members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

52. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

53. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

54. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

### (Violation of FLSA – Collective Action)

55. Plaintiff incorporates by reference paragraphs 1-54 of her Complaint.

56. Count I arises from Defendant's violation of the FLSA, for its failure to pay overtime wages earned by Plaintiff and members of the proposed collective class.

57. Defendant violated the FLSA by failing to pay Plaintiff and members of the proposed collective class an overtime premium rate of pay as required by the FLSA for all hours worked in excess of forty in a workweek.

58. Defendant's violation of the FLSA was willful.

## COUNT II

### (Violation of NCWHA – Class Action)

59. Plaintiff incorporates by reference paragraphs 1 through 58 of her Complaint.

60. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated employees to work without timely paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 7.

61. Defendant violated N.C. Gen. Stat. §§ 95-25.6 and 7 by failing to pay Plaintiff and similarly situated employees all promised and earned wage payments on the employees' regular payday for all hours worked.

62. Defendant's violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the Court:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

b) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as a representative on behalf of all those similarly situated full-time EMTs, or any other similarly titled position;

c) An Order pursuant to the NCWHA finding Defendant liable for unpaid and untimely wages and liquidated damages equal in amount to the unpaid and untimely compensation due to Plaintiff and the class;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) A Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with payday requirements of the NCWHA.

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues of fact.

>Respectfully submitted,
>
>/s/ Philip J. Gibbons, Jr.
>Philip J. Gibbons, Jr., NCSB #50276
>**PHIL GIBBONS LAW, P.C.**
>15720 Brixham Hill Avenue Suite 331
>Charlotte, NC 28277
>Telephone: 704-612-0038
>Email: phil@philgibbonslaw.com