UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SARA B. CONNER, individually and on behalf of all others similarly situated; | Civil No. 1:18-cv-0002-MR-DHL |
| Plaintiff(s), | |
| v. | FIRST AMENDED CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| CLEVELAND COUNTY, NORTH CAROLINA a/k/a CLEVELAND COUNTY EMERGENCY MEDICAL SERVICES, | |
| Defendant. | |

Plaintiff, Sara B. Conner ("Conner" or "Plaintiff"), by and through counsel, on behalf of herself and all others similarly situated, brings a collective action against Defendant Cleveland County North Carolin a/k/a Cleveland County Emergency Medical Services, a constituent department of Cleveland County, North Carolina ("CCEMS"), for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Conner, on behalf of herself and all others similarly situated, also brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant for breach of contract under North Carolina law.

## NATURE OF PLAINTIFF'S CLAIMS

1. Conner brings her FLSA claim pursuant to 29 U.S.C. § 216(b) and she seeks to recover overtime compensation and statutory penalties for herself and all similarly situated employees for all hours worked in excess of 40 hours per week during the three-year period preceding the filing of this Complaint.

2. Conner brings her breach of contract claim pursuant to the class action provision of Federal Rule of Civil Procedure 23 and she seeks to recover unpaid wages and damages for herself and any similarly situated employees to remedy Defendant's practice and policy of willfully failing and refusing to pay Plaintiff and all similarly situated employees all of their earned and accrued wages pursuant to Cleveland County ordinances.

## THE PARTIES

3. Conner is an adult individual who is a resident of Cleveland County, North Carolina. Conner was employed by CCEMS during the three-year period preceding the filing of this Complaint. Conner's Consent to Become a Party Plaintiff form is attached hereto as Exhibit A.

4. CCEMS is a constituent department of Cleveland, County North Carolina.

5. CCEMS employs emergency medical services personnel ("EMS personnel") in Cleveland County, North Carolina.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant employed Plaintiff within this judicial district, Defendant is alleged to have committed the unlawful acts within this judicial district, and the payroll records at issue in this lawsuit are maintained in this judicial district.

8. Venue is proper in this judicial district because the unlawful acts alleged herein occurred in Cleveland County, North Carolina.

9. The claims for breach of contract are based on the law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

10. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. CCEMS is a branch of Cleveland County local government.

17. The CCEMS EMS Director is responsible for the day-to-day operations of CCEMS.

18. The CCEMS EMS Director reports directly to Cleveland County's County Manager.

19. Cleveland County's County Manager is responsible for administering the Cleveland County personnel program, including administering and maintaining the Cleveland County "pay plan" that is set forth in the Cleveland County Code of Ordinances.

20. CCEMS provides emergency services and non-emergency transportation to sick and injured persons.

21. CCEMS personnel are responsible for administering medical care and transporting sick or injured persons in response to emergency calls and non-emergency transports.

22. CCEMS refers to full-time EMS personnel as "24 hours on-48 hours off" personnel in its Standard Operating Guideline. As used in this Amended Complaint, the terms "full-time EMS personnel" and "24 hours on-48 hours off personnel" are interchangeable.

23. CCEMS full-time EMS personnel are not exempt from the overtime provisions of the FLSA.

24. CCEMS full-time EMS personnel are scheduled pursuant to a 21-day repeating schedule whereby the employee works a 24-hour shift, followed by 48-hours off.

25. The CCEMS seven-day workweek for all full-time EMS personnel begins at 7:00 a.m. each Thursday and ends the following Thursday at 6:59 a.m.

26. All CCEMS full-time EMS personnel are paid on a semi-monthly basis, pursuant to Cleveland County Code of Ordinances.

27. CCEMS publishes a document that lists pay dates and the corresponding pay cycles for each paycheck. CCEMS pay cycles range from 14 days to 21 days.

28. Pursuant to the Cleveland County Code of Ordinances, Cleveland County has adopted a "pay plan" that establishes salary grades for all full-time Cleveland County employee classifications, including all CCEMS full-time EMS personnel. This information is memorialized in a document entitled "Cleveland County Human Resources Salary Ranges by Grade and Classification," and is updated periodically.

29. Pursuant to the Cleveland County Code of Ordinances, Cleveland County has established "steps" within each "salary grade" pursuant to which full-time Cleveland County employees receive pay raises within their "salary grade."

30. Pursuant to the "Cleveland County Human Resources Salary Ranges by Grade and Classification," and the CCEMS Standard Operating Guideline, CCEMS salaries for full-time EMS personnel begin "at the entry-level salary for an EMT-B, grade, 61 Step One through the maximum salary for an EMT-P Captain, grade 68, step 10."

31. The employment relationship between Defendant and Plaintiff (and all other similarly situated employees) is one of contract. Plaintiff and all other similarly situated employees have contractual rights to wages previously earned based on the "pay plan" set forth in the Cleveland County Code of Ordinances.

32. The CCEMS EMS Director is listed as "salary grade" 76 in the "Cleveland County Human Resources Salary Ranges by Grade and Classification."

33. The annual salary for the CCEMS EMS Director falls within the "minimum" and "maximum" salary amounts listed in the "salary schedule" for "salary grade" 76.

34. At any given time, the annual salary for the CCEMS EMS Director is equal to an amount within "salary grade" 76 as established by the "Cleveland County Human Resources Salary Ranges by Grade and Classification."

35. Each semi-monthly pay cycle, the gross amount paid to the CCEMS EMS Director is equal to 1/24 of his annual salary, as established within "salary grade" 76 and the corresponding "step" for the CCEMS EMS Director's tenure.

36. The CCEMS EMS Training Officer is listed as "salary grade" 68 in the "Cleveland County Human Resources Salary Ranges by Grade and Classification."

37. The annual salary for the CCEMS EMS Training Officer falls within the "minimum" and "maximum" salary amounts listed in the "salary schedule" for "salary grade" 68.

38. At any given time, the annual salary for the CCEMS EMS Training Officer is equal to an amount within "salary grade" 68 as established by the "Cleveland County Human Resources Salary Ranges by Grade and Classification."

39. Each semi-monthly pay cycle, the gross amount paid to the CCEMS EMS Training Officer is equal to 1/24 of his annual salary, as established within "salary grade" 68 and the corresponding "step" for the CCEMS EMS Training Officer's tenure.

40. The Cleveland County Code of Ordinances "Cleveland County Human Resources Salary Ranges by Grade and Classification" lists the salary grade ranges for all CCEMS full-time EMS personnel classifications.

41. With the exception of "Shift Captain" and "Lieutenant," all full-time EMS personnel are considered "equal in rank" at all times, except in the delivery of patient care. For patient care, the EMS personnel with the highest level of certification is responsible for patient care.

42. CCEMS full-time EMS personnel classifications are based on certification, tenure, skills and experience. All CCEMS full-time EMS personnel are eligible for certification upgrade pursuant to "Section 15- New Hires and Certification Upgrades of Employees," set forth in the CCEMS Standard Operating Guideline.

43. All CCEMS full-time EMS personnel are subject to uniform work rules and policies, as set forth in the CCEMS Standard Operating Guideline.

44. CCEMS full-time EMS personnel are subject to the same policies and procedures for recording time worked and payment of wages and overtime. These policies and procedures are set forth in the CCEMS Standard Operating Guideline, "Section 14-Pay Plan."

45. Prior to January 1, 2018, each semi-monthly pay cycle, Defendant did not pay full-time EMS personnel regular wages equal to 1/24 of their annual salaries as designated by their corresponding salary grade and step.

46. By way of example, in 2017, Conner earned an annual salary in the amount of $36,900 as designated by her corresponding salary grade and step. Based on Cleveland County's semi-monthly pay schedule, which includes 24 payments per year, Conner earned $1,537.50 per pay cycle in regular wages. Under the CCEMS "Section 14-Pay Plan," Conner's regular wages were reduced to $1,092.00 each pay cycle.

47. Prior to January 1, 2018, Defendant evaded the overtime provisions of the FLSA by failing to correctly calculate and pay all overtime earned by all CCEMS full-time EMS personnel and by failing to pay all straight time compensation due for nonovertime hours under their contract as provided by Cleveland County Code of Ordinances.

48. Prior to January 1, 2018, Defendant breached its contract with all CCEMS full-time EMS personnel by failing to pay the full annual salaries as designated by their corresponding salary grade and step.

49. Defendant failed to correctly pay earned overtime to all CCEMS full-time EMS personnel because it calculated compensation based on the computation set forth in the CCEMS "Section 14-Pay Plan," thus resulting in the failure to pay for all straight time hours worked; i.e. an amount less than the salaries established by Cleveland County Code of Ordinances.

50. Although Defendant purports to pay "overtime compensation" under the "Section 14-Pay Plan," this compensation cannot be treated as "overtime compensation" because Defendant failed to pay Plaintiff and other similarly situated employees all straight time compensation due for nonovertime hours due and earned under their contract with Defendant.

8

Case 1:18-cv-00002-MR-WCM   Document 22   Filed 06/05/18   Page 8 of 16

51. Effective January 1, 2018, each semi-monthly pay cycle, Defendant began paying CCEMS full-time EMS personnel regular wages in an amount equal to 1/24 of their annual salaries as designated by their corresponding salary grade and step.

52. CCEMS full-time EMS personnel are eligible to work additional work hours outside of their scheduled shifts.

53. Defendant pays CCEMS full-time EMS personnel additional compensation for each extra shift worked outside of their scheduled shifts.

54. CCEMS full-time EMS personnel who are absent from scheduled shifts are permitted to use paid time off to cover these absences.

55. If CCEMS full-time EMS personnel do not have sufficient paid time off to cover an absence, Defendant requires them to take the absence without pay.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff brings Count I of her Complaint pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 201 et. seq.

57. Defendant currently employs approximately 69 full-time EMS personnel who work the "24 hours on-48 hours off" schedule.

58. Plaintiff estimates that Defendant previously employed between 50-75 full-time EMS personnel who worked the "24 hours on-48 hours off" schedule within the three-year period preceding this Amended complaint

59. Conner is similarly situated to other non-exempt current and former full-time EMS personnel who worked the "24 hours on-48 hours off" schedule in that they share similar titles, job duties, and compensation schemes, including the uniform policy and practice of

calculating their regular and overtime wages pursuant to the CCEMS Standard Operating Guideline, "Section-14 Pay Plan."

60. Pursuant to policy and practice, Defendant has failed to pay its full-time EMS personnel who work the "24 hours on-48 hours off" schedule all of their earned overtime wages at the rate required by the FLSA.

61. Application of the aforementioned policy and practice was not dependent on the personal circumstances of individual full-time EMS personnel, but rather affected Plaintiff and all other current and former full-time EMS personnel in the same manner. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the failure to pay overtime at the rates required by the FLSA applied to Plaintiff and all Members of the Class. Accordingly, the class is properly defined as: **All current and former full-time EMS personnel who were employed during the period January 2, 2015 through January 1, 2018.**

62. Defendant willfully violated the provisions of the FLSA by failing to pay full-time EMS personnel in compliance with the FLSA.

## CLASS ACTION ALLEGATIONS

63. Plaintiff brings Count II of her Complaint pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class: **All current and former full-time EMS personnel who were employed during the period January 2, 2016 through January 1, 2018.**

64. This breach of contract action is maintainable as a class action pursuant to Rule 23 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

65. The proposed class is easily ascertainable. The number and identity of class members are determinable from Defendant's payroll records or records over which they have control.

66. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of more than 100 persons.

67. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages established by the Cleveland Code of Ordinances. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant refused to timely pay Plaintiff and members of the proposed class promised and earned regular and overtime wages for all hours worked in breach of their contract with Defendant;

(b) whether the CCEMS Standard Operating Guideline, "Section-14 Pay Plan" results in the failure to pay regular wages at the rate established by the Cleveland County Code of Ordinances; and

(c) Whether Defendant's refusal to pay such compensation is a breach of the contract between Defendant and full-time EMS personnel.

68. The damages suffered by the named Plaintiff and the members of the proposed class arise from the same nucleus of operative facts.

69. The claims of Plaintiff are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant; i.e. refusing to timely pay promised and earned wages. The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

70. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

71. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

72. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action.

Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

### (Violation of FLSA – Collective Action)

73. Plaintiff incorporates by reference paragraphs 1-72 of her Complaint.

74. Count I arises from Defendant's violation of the FLSA, for its failure to pay overtime wages earned by Plaintiff and members of the proposed collective class.

75. Defendant violated the FLSA by failing to pay Plaintiff and members of the proposed collective class an overtime premium rate of pay as required by the FLSA for all hours worked in excess of forty in a workweek.

76. Defendant's violation of the FLSA was willful.

## COUNT II

### (Breach of Contract – Class Action)

77. Plaintiff incorporates by reference paragraphs 1 through 76 of her Complaint.

78. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated employees to work without timely paying promised and earned wages for all hours worked in breach of the contract between Defendant and all full-time EMS personnel as established by the Cleveland County Code of Ordinances.

79. Defendant breached its contract with full-time EMS personnel by failing to pay Plaintiff and similarly situated employees all promised and earned wage payments for all hours worked.

80. Defendant's breach of contract caused harm to full-time EMS personnel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the Court:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

b) An Order certifying Plaintiff's breach of contract claim as a class action under Rule 23 of the Federal Rules of Civil Procedure and designating the above Plaintiff as a representative on behalf of all those similarly situated full-time EMS personnel, or any other similarly titled position;

c) An Order finding Defendant breached its contract with full-time EMS personnel and finding Defendant liable for unpaid wages due to Plaintiff and the class;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
**PHIL GIBBONS LAW, P.C.**
15720 Brixham Hill Avenue Suite 331
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@philgibbonslaw.com

## CERTIFICATE OF SERVICE

This is to certify that on June 5, 2018, the undersigned counsel filed the foregoing pleading using the Court's CM/ECF system that will send notification of this filing to all counsel of record.

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

## CONSENT TO BECOME PARTY PLAINTIFF

<u>Sara B. Conner v. Cleveland County Emergency Medical Services</u>

By signing below, I state that I have been employed by Cleveland County Emergency Medical Services within the past three (3) years as a full-time Emergency Medical Technician and that I worked the 24 hours on – 48 hours off schedule during one or more work weeks of my employment. I hereby consent and agree to opt-in to become a plaintiff in a lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* to recover unpaid overtime, liquidated damages and attorneys' fees from my current/former employer.

I hereby designate the law firm of Phil Gibbons Law, PC to represent me for all purposes of this action. By signing and returning this Consent to Become Party Plaintiff, I understand that if accepted for representation, I will be represented by Phil Gibbons Law, P.C. without prepayment of costs or attorneys' fees. I understand that if a monetary recovery is obtained from the Defendants, costs expended by Phil Gibbons Law, P.C. on by behalf will be deducted pro rata from my settlement or judgment first. I understand that Phil Gibbons Law, P.C. may petition the court for an award of fees and costs to be paid by Defendants on my behalf. I understand that the fees retained by the Phil Gibbons Law, P.C. will be either the amount of fees received from the Defendants or up to 40% of my settlement or judgment amount, whichever is greater, subject to review and approval by the Court. I understand that if the case is not successful, I will not be obligated to pay any fees or costs incurred by Phil Gibbos Law, P.C.

I also designate Sara B. Conner as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

12/30/2017
Date

Signature (DocuSigned by: Sara B Conner, 9B58C49F09724B3...)

Sara B. Conner
Printed Name

Complete and Mail, Fax or Email to:

Phil Gibbons Law, P.C.
15720 Brixham Hill Ave.
Charlotte, NC 28277
Fax to: (317) 623-8503
Email to: phil@philgibbonslaw.com