IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:18-cv-0002

| | | |
|---|---|---|
| SARA B. CONNER, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff | ) | DEFENDANT'S OBJECTION TO MEMORANDUM AND RECOMMENDATION |
| vs. | ) ) ) | |
| CLEVELAND COUNTY, NORTH CAROLINA a/k/a CLEVELAND COUNTY EMERGENCY MEDICAL SERVICES, | ) ) ) ) | |
| Defendant | ) | |

NOW COMES CLEVELAND COUNTY, a county of the State of North Carolina formed and existing in accordance with the Constitution of the State of North Carolina and Chapter 153A of the North Carolina General Statutes (the "County") and hereby submits this timely limited objection to the Memorandum and Recommendation of the Honorable W. Carleton Metcalf (filed June 27, 2019) (the "Recommendation") (Docket No. 52). For the reasons set forth herein and in the County's Memorandum of Law In Support of County's Motion to Dismiss and in the County's Reply to Plaintiff's Response in Opposition to Motion to Dismiss, the Court should **adopt** the recommendation of the Magistrate Judge with respect

to Plaintiff's FLSA claim, but should **decline** the Recommendation that "Defendants' Motion as to Plaintiff's breach of contract claim be denied," and should **dismiss, with prejudice**, all of the Plaintiff's claims for relief, in accordance with the County's Motion to Dismiss.

## INTRODUCTION

The "wage and hour" action of Sara B. Conner ("Plaintiff") has not been pleaded with the required clarity as to the way(s) in which the County has allegedly violated her rights under the Fair Labor Standards Act of 1938 ("FLSA") or North Carolina's common law as applied to claims of breach of contract. D.E. 22. Plaintiff, rather, has merely implied that the County has not properly calculated and paid her "earned overtime wages at the rate required by the FLSA". D.E. 22 ¶ 60; *see also id.* ¶¶ 28, 47, 50, and 59. She has failed to plead what that "rate" is or provide information from which the Court can discern whether the County has allegedly failed to pay it. Plaintiff has also failed to plead all of the elements required to state a breach of contract claim in accordance with North Carolina law. *See Oates v. AXA Equitable Life Ins. Co.*, No. 1:16cv379, 2017 WL 3090303, at *3 (W.D.N.C. July 5, 2017), *report and recommendation adopted*, 2017 WL 3090274 (W.D.N.C. July 20, 2017). The Amended Complaint must therefore be dismissed.

## STANDARD OF REVIEW

A district court reviews a magistrate judge's order pursuant to 28 U.S.C. 636(b)(1)(B), Fed. R. Civ. P. 72 and Local Civil Rule 72.1. Pursuant to such standards, the Court makes a *de novo* determination of those parts of the magistrate's report, findings or recommendations to which a timely objection is made. The Court, of course, retains "ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges". *U.S. vs. Price*, 618 F. Supp. 2d 473, 480 (W.D.N.C. 2008)

## STATEMENT OF THE CASE

Plaintiff filed her first complaint on January 2, 2018 (the "Complaint"), in which she (a) improperly named "Cleveland County Emergency Medical Services" ("Cleveland EMS") as a defendant and (b) asserted (i) a "collective action" based on alleged violations of the FLSA and (ii) a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure based on alleged violations of the North Carolina Wage and Hour Act (the "NC WHA"). [D.E. 1]. The County, which at all material times has been Plaintiff's employer, filed its Answer and Affirmative Defenses to Plaintiff's Complaint on January 30, 2018. [D.E. 3].

Plaintiff, on March 14, 2018, filed a Motion for Leave to File Amended Class-Collective Action Complaint ("Motion for Leave") because she had improperly asserted a NC WHA claim against Cleveland EMS, a department of the

County, which is a governmental employer that is largely exempt from the Wage and Hour Act [1] [D.E. 11 ¶¶ 4–5]. The Court, however, dismissed Plaintiff's Motion for Leave because she had failed to comply with LCvR 7.1 by failing to confer with opposing counsel, prompting Plaintiff to voluntarily dismiss her NC WHA claim on April 2, 2018. [D.E. 12, 14].

On May 5, 2018, Plaintiff filed a second Motion for Leave to File Amended Complaint ("Second Motion for Leave") to (1) correctly identify the County as Plaintiff's employer and the proper defendant and (2) add a claim for breach of contract on behalf of herself and alleged "similarly situated" employees. [D.E. 15 ¶ 4]. The Court granted Plaintiff's Second Motion for Leave on June 1, 2018. [D.E. 21]. Plaintiff then filed her First Amended Class/Collective Action Complaint and Demand for Jury Trial on June 5, 2018 ("Amended Complaint"), asserting the same FLSA "collective action" that she had asserted before and purporting to add a class action claim for breach of contract. [D.E. 22]. The County, on July 2, 2018, filed its Answer and Affirmative Defenses ("Answer to Amended Complaint"). [D.E. 27]. The County thereafter filed its Motion to Dismiss, which Magistrate Judge Metcalf recommended, for the most part, be granted.

---

[1] The County, as a governmental employer, is subject to very few provisions of the NC WHA, N.C. Gen. Stat. §95-25.14(d), and those to which it is subject do not include the provisions (N.C. Gen. Stat. §§95-25.6 and 25.7) based on which Plaintiff sued the County. [D.E. 1].

4
Case 1:18-cv-00002-MR-WCM   Document 54   Filed 07/18/19   Page 4 of 10

## ARGUMENT

**Plaintiff has not sufficiently alleged that a valid contract existed or exists between the County and Plaintiff. Her breach of contract claim should therefore be dismissed with prejudice.**

The Recommendation asserts that "Conner has … provided information about the County Pay Plan, the County's alleged breach of it, the Section 14-Pay Plan, and the unpaid wages she claims to be owed", D.E. (Recommendation) at 13, despite her "not detailed" allegations and the County's argument that she "has not sufficiently alleged the existence of a valid contract between herself and the County. Def.'s Mem. (Doc. 41) at 21-25." *Id.* The Magistrate Judge arrives at that conclusion, apparently, by considering "a copy of the Section 14-Pay Plan, which Conner attached [only] to her opposition to the Motion and [which] her counsel represents was produced by the County". *Id.* at 13 n. 4. He concedes the truism that "matters beyond the pleadings are generally not considered in the context of a Rule 12(b)(6) motion,", but asserts that "documents attached to the complaint or the motion to dismiss may be considered 'if they are integral to the complaint and authentic'" (citing authority). *Id*. That has nothing to do with the Section 14-Pay Plan, which was not "attached to the complaint or the motion to dismiss".

He implies, however, that the Court may and should consider the Section 14-Pay Plan because "the County has not objected to the document's authenticity or Plaintiff counsel's representation that it was produced by the County", *id*. at 13 n. 4, on the apparent implied theory that documents that are attached to a

5

*response* to a Rule 12 motion to dismiss may be "considered when … explicitly relied upon or referenced in the complaint" and that the Section 14-Pay Plan "is integral to Conner's claims" (but apparently not integral enough in the view of Plaintiff's counsel to have been attached to the Amended Complaint). *Id*.

The Magistrate Judge's resulting conclusion that Plaintiff has "sufficiently alleged the existence of a valid contract between herself and the County", Recommendation at 13, respectfully, goes too far.

Plaintiff's breach of contract claim, as shown by the County in its "Memorandum of Law in Support of County's Motion to Dismiss", D.E. 41, fails as a matter of law because she has not claimed that she is party to a **valid contract** between herself and the County.

Under North Carolina law, a plaintiff must allege each of the following elements to plead an actionable claim for breach of contract: "(1) **the existence of a valid contract between the parties**; (2) that the defendant breached one or more terms of this contract; (3) facts constituting the breach; and (4) damages resulting from the breach." *Oates v. AXA Equitable Life Ins. Co.*, No. 1:16cv379, 2017 WL 3090303, at *3 (W.D.N.C. July 5, 2017), *report and recommendation adopted*, 2017 WL 3090274 (W.D.N.C. July 20, 2017) (emphasis supplied). Plaintiff has failed to allege a valid contract between the County and herself, and, without a

valid contract, there can obviously be no breach or recoverable damages, *see Oates*, 2017 WL 3090303, at *3, and likewise no actionable claim.

Plaintiff does not plead that she and the County are parties to an *express employment contract*. She, instead, relies only on *County ordinances* to support her claim that she had an agreement with the County regarding compensation. *See* D.E. 22 ¶ 31. She makes the vague claim that the "employment relationship between [County] and Plaintiff … is one of contract" and that she has "contractual rights to wages previously earned based on the 'pay plan' set forth in the Cleveland County Code of Ordinances." *id.*

Her reliance on such ordinances, however, is insufficient: "[E]mployment manuals or policies do not become part of the employment contract unless **expressly included in it**, or in the case of *local governments,* **they are enacted as ordinances.**" *Hatley v. City of Charlotte*, 826 F. Supp. 2d 890, 897 (W.D.N.C. 2011) (emphasis supplied) (quoting *Guarascio v. New Hanover Health Network, Inc.*, 163 N.C. App. 160, 164, 592 S.E.2d 612 (2004) (internal citations omitted)). Plaintiff claims that, before January 1, 2018, the County, during "each semi-monthly pay cycle," failed to "pay full-time EMS personnel" "regular wages equal to 1/24 of their annual salaries as designated by their corresponding salary grade and step", D.E. 22 ¶ 45, but she does **not** claim that the County, **in any "ordinance"**, promised her (or anyone else) that it would provide Plaintiff (or

7

anyone else) with such "regular wages". She admittedly *refers* to the Section 14-Pay Plan several times in the Amended Complaint, *see* D.E. 22 ¶¶ 44, 46, 49, 50, 59, and 67(b), but makes no claim that the Section 14-Pay Plan has ever been "expressly included" in her alleged "contract" **or** that the alleged "Pay Plan has ever been "enacted" as an "ordinance". She has therefore failed to state a claim for breach of contract on which relief can be granted.

The County will resist the urge to restate its original arguments in full, but would ask the Court to study the County's Reply to Plaintiff's Response in Opposition to Motion to Dismiss, D.E. 47. The County points out in that Reply, in part, that Plaintiff claims that she " 'brings a breach of contract claim against Cleveland County … based on its failure to pay [her] … *full salary and overtime pay* provided for by the Cleveland County Code of Ordinances '", D.E. 47 at 6, but that she "neglects to associate that assertion with any paragraph of her Amended Complaint and, more to the point, neglects to indicate the provisions of the alleged 'Cleveland County Code of Ordinances' that supposedly 'provide' for the alleged 'full salary and overtime pay' on which" her breach of contract claim is based. *Id*. at 7.

The Court should therefore refrain from consideration of the alleged Section 14-Pay Plan, and dismiss the Plaintiff's breach of contract claim regardless of the disposition of the FLSA claim.

8
Case 1:18-cv-00002-MR-WCM   Document 54   Filed 07/18/19   Page 8 of 10

# CONCLUSION

WHEREFORE, the Court should **adopt** the Recommendation of the Magistrate Judge with respect to Plaintiff's FLSA claim, but should **decline** his Recommendation that "Defendants' Motion as to Plaintiff's breach of contract claim be denied," and should **dismiss**, **with prejudice**, all of the Plaintiff's claims for relief, in accordance with the County's Motion to Dismiss.

Respectfully submitted this the 18th day of July, 2019.

/s/Grant B. Osborne
N.C. State Bar I.D. No.: 13316
email: gbo@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Defendant

/s/Timothy K. Moore
N.C. State Bar I.D. No.: 22220
email: tim@timmoorelaw.com
For the firm of
Tim Moore, Attorney at Law, P.A.
305 E. King Street
Kings Mountain, NC 28086
Telephone: 704.739.1221
Facsimile: 704.739.5051
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, I electronically filed DEFENDANT'S OBJECTION TO MEMORANDUM AND RECOMMENDATION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Phillip J. Gibbons, Jr. and Craig L. Leis.

/s/Grant B. Osborne
N.C. State Bar I.D. No.: 13316
email: gbo@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Defendant

ND: 4823-0838-6204, v. 1