# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00002-MR-WCM

| | |
|---|---|
| SARAH B. CONNER, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLEVELAND COUNTY, NORTH CAROLINA, also known as Cleveland County Emergency Medical Services, )<br>)<br>)<br>)<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Collective and Class Certification [Doc. 35]; the Defendant's Motion to Dismiss [Doc. 40]; the Magistrate Judge's Memorandum and Recommendation [Doc. 52] regarding the disposition of the Motion to Dismiss; and the parties' Objections to the Memorandum and Recommendation [Docs. 54, 55].

## I.  BACKGROUND

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate

Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

On June 27, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the Motion to Dismiss. [Doc. 52]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The parties filed their respective Objections on July 18, 2019. [Docs. 54, 55].

## II.     DISCUSSION

The purpose of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, is to ensure three things: (1) the payment of the federal hourly minimum wage; (2) the limitation of work to the federal maximum number of hours; and (3) the payment of time-and-a-half for all overtime. See generally Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 578 (1942) (discussing history of FLSA). The FLSA has a special provision pertaining to police officers and certain other public service employees that allows for the payment of a set salary for all hours up to a set "overtime threshold." 29 U.S.C. § 207(k). Any hours worked over that threshold number of hours must be compensated as overtime. Id. The Plaintiff in this matter, and the

class she proposes to represent, are all EMS personnel who fall within the purview of § 207(k).

The Plaintiff's federal claim, as set forth in the Amended Complaint, is on its face contradictory. In Count I (the only federal claim), the Plaintiff asserts that the Defendant has "violated the FLSA by failing to pay the Plaintiff . . . an overtime premium rate of pay . . . for all hours worked in excess of forty in a workweek." [Doc. 22 at 13 ¶ 75]. In light of the application of § 207(k) to the type of position held by the Plaintiff, this would not appear to state a claim, as the standard "forty-hour workweek" rule does not apply. This, however, does not end the analysis of the Plaintiff's claim. The Amended Complaint contains five pages and forty paragraphs of "Factual Allegations," which set forth the basis of her claim, notwithstanding the erroneous, one-sentence summary of paragraph 75. In short, the Plaintiff asserts that she and other EMS personnel employed by the Defendant should be paid a salary up to the § 207(k) overtime threshold pursuant to a particular County ordinance, but instead are paid a lower salary pursuant to a "CCEMS Section 14-Pay Plan." [Id. at 5-7]. The Plaintiff then proceeds to set forth the conclusory allegation that the "Defendant evaded the overtime provisions of the FLSA by failing to correctly calculate and pay all overtime earned by all CCEMS full-time EMS personnel and by failing to pay all

straight time [below overtime threshold] compensation due for nonovertime hours under their contract." [Id. at 8 ¶ 47]. The first part of that conclusory allegation, however, is unsupported by any factual allegations pertaining to an entitlement to overtime compensation. All the allegations pertain to the dispute regarding what salary the Plaintiff and others similarly situated are purportedly owed pursuant to this contract for "straight time," i.e., for the work hours below the § 207(k) overtime threshold. The Plaintiff tries to bridge this gap with another unexplained conclusory allegation that the overtime compensation paid "cannot be treated as 'overtime compensation' because Defendant failed to pay Plaintiff and other similarly situated employees all straight time compensation due for nonovertime hours due and earned under their contract with Defendant." [Id. at 8 ¶ 50].

The Plaintiff has presented no factual allegations to support a claim that she or any other similarly situated employees have been insufficiently compensated for hours they worked over the § 207(k) overtime threshold. In fact, the Plaintiff appears to concede this point in her Objections to the Memorandum and Recommendation, stating: "There is no dispute regarding the number of overtime hours worked, the amount of overtime owed, or the rate at which overtime should be paid. The FLSA violation arises solely from the Defendant's failure to pay all straight time wages each pay period prior

to paying 'overtime compensation.'" [Doc. 55 at 5-6]. In short, the entire claim the Plaintiff presents pertains to what amount is owed for straight time – not overtime – pursuant to the contract between the EMS employees and the Defendant.

In making this "straight time" claim, the Plaintiff does not allege that she and others similarly situated worked straight time hours for which they were not compensated. Rather, she contends that she and other EMS employees should have received straight time pay calculated in accordance with a particular County ordinance, instead of pursuant to the CCEMS Section 14-Pay Plan. [See Doc. 22 at 8 ¶ 49 ("Defendant … calculated compensation based on the computation set forth in the CCEMS 'Section 14-Pay Plan,' thus resulting in the failure to pay for all straight time hours worked; i.e. an amount less than the salaries established by Cleveland County Code of Ordinances.")].

The Court in Monahan v. County of Chesterfield, 95 F.3d 1263 (4th Cir. 1996), addressed precisely the issue presented here. "[I]f the mutually agreed upon terms of an employment agreement do not violate the FLSA's minimum wage/maximum hour mandates and provide compensation for all nonovertime hours up to the overtime threshold, there can be no viable claim for straight gap time under the FLSA if all hours worked above the threshold

have been properly compensated at a proper overtime rate." Monahan, 95 F.3d at 1273. The Plaintiff concedes that all overtime hours over the overtime threshold have been properly accounted for and appropriately compensated. Therefore, in order to make out a viable FLSA claim, the Plaintiff must assert plausible factual allegations that her "straight time" compensation agreement either violates the minimum wage or maximum hour mandates of the FLSA. The Plaintiff has made no such allegations on behalf of herself or any other similarly situated employees. Rather, she merely asserts that she and other employees were shorted on their straight time pay pursuant to their contract. That is not a violation of the FLSA. That is a state law contract claim.

In arguing that such a purely contractual claim still falls within the FLSA, the Plaintiff relies on the official interpretation promulgated by the Department of Labor as set forth in 29 C.F.R. § 778.315. This interpretative provision "expressly requires that in order to determine overtime compensation, one must first look to the employment agreement to determine whether the employer has first paid all straight time due under the

agreement." Monahan, 95 F.3d at 1273.[1] Section 778.315 provides as follows:

> *In determining the number of hours for which overtime compensation is due, all hours worked . . . by an employee for an employer in a particular workweek must be counted.* Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. *This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid.*

29 C.F.R. § 778.315 (emphasis added). The Court of Appeals in Monahan, however, held that "if the mutually agreed upon terms of an employment agreement do not violate the FLSA's minimum wage/maximum hour mandates and provide compensation for all nonovertime hours up to the overtime threshold, there can be no viable claim for straight gap time under the FLSA if all hours worked above the threshold have been properly compensated at a proper overtime rate." 95 F.3d at 1273.

---

[1] The Fourth Circuit noted in Monahan that while such "official interpretations" are not controlling authority, they are nevertheless entitled to "considerable deference." 95 F.3d at 1272 n.10 (citation omitted).

7

For these reasons, the Plaintiff's FLSA claim (Count I) must be dismissed for failure to state a claim. The only remaining claim is a state law contract claim, which does not give rise to any federal subject matter jurisdiction, other than discretionary supplemental jurisdiction. See 28 U.S.C. § 1367(a). With the dismissal of the sole federal claim, and given the early stage of these proceedings, the Court in its discretion declines to exercise such supplemental jurisdiction in this case. See 28 U.S.C. § 1367(c)(3). Accordingly, the Court will dismiss the Plaintiff's breach of contract claim (Count II) without prejudice so as to allow such claim to be litigated in a proper forum.

## III. CONCLUSION

After careful consideration of the Memorandum and Recommendation and the parties' Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Motion to Dismiss should be granted. In light of the dismissal of the Plaintiff's claims, the Plaintiff's Motion for Collective and Class Certification will be denied as moot.

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the parties' Objections to the Memorandum and Recommendation [Docs. 54, 55] are **OVERRULED**; the Memorandum and Recommendation [Doc. 52] is **ACCEPTED**; and the Defendant's Motion to Dismiss [Doc. 40] is **GRANTED** as follows:

(1) The Plaintiff's FLSA claim is **DISMISSED WITH PREJUDICE**; and

(2) The Court declines to exercise supplemental jurisdiction over the Plaintiff's breach of contract claim, and such claim is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, in light of the dismissal of the Plaintiff's claims, the Plaintiff's Motion for Collective and Class Certification [Doc. 35] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: August 21, 2019

Martin Reidinger
United States District Judge