**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:18-cv-00002-MR-DLH**

| | | |
|---|---|---|
| **SARA B. CONNER, individually and on behalf of all others similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **CLEVELAND COUNTY, NORTH CAROLINA a/k/a CLEVELAND COUNTY EMERGENCY MEDICAL SERVICES,** | ) ) ) ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Defendant's Motion to Stay Action.  [Doc. 78].

## I.    PROCEDURAL BACKGROUND

In 2018, the Plaintiff Sara B. Conner initiated this action on behalf of herself and all others similarly situated, alleging that the Defendant Cleveland County had underpaid her straight-time wages in weeks that she worked overtime in violation of the Fair Labor Standards Act "(FLSA").   [Doc. 1: Complaint; Doc. 22: Amended Complaint].  In addition to this "overtime gap"

claim under the FLSA, the Plaintiff asserted a breach of contract claim under North Carolina law. [Doc. 22: Amended Complaint].

This Court granted the Defendant's motion for judgment on the pleadings and dismissed the Plaintiff's FLSA claim. [Doc. 59: Order Accepting Memorandum and Recommendation]. With the dismissal of the sole federal claim, this Court declined to exercise supplemental jurisdiction over the Plaintiff's state law claim. [Id.].

The Plaintiff appealed to the Court of Appeals for the Fourth Circuit. On January 5, 2022, the Court of Appeals vacated this Court's decision and remanded the action "for a determination on the merits of [the Plaintiff's] overtime gap time claim under the FLSA." See Conner v. Cleveland Cnty., 22 F.4th 412, 429 (4th Cir. 2022).[1] On January 26, 2022, the Defendant filed a motion with the Court of Appeals pursuant to Federal Rule of Appellate Procedure 41(d) to stay the issuance of its mandate pending the Defendant's filing of a petition for a writ of certiorari in the United States Supreme Court. Conner v. Cleveland Cnty., No. 19-2012, Doc. 46. The Court of Appeals denied the Defendant's motion on February 15, 2022. Id., Doc. 48.

---

[1] The Court of Appeals also vacated and remand this Court's decision on the Plaintiff's breach of contract claim. Id.

On June 3, 2022, the Defendant filed a petition for writ of certiorari, asking the Supreme Court to review the Court of Appeals' judgment.  See Cleveland Cnty. v. Conner, No. 21-1538.  On July 26, 2022, the Supreme Court requested that the Plaintiff file a response to the Defendant's petition.  The Plaintiff's response is currently due on September 26, 2022.

The Defendant now requests a "brief stay" of the action pending resolution of its petition for writ of certiorari.  [Doc. 79].  The Plaintiff opposes the Defendant's request, arguing that under the mandate rule, this Court lacks the discretion to provide the relief requested by the Defendant.  [Doc. 80].

## II.    DISCUSSION

"The 'mandate rule' is a specific application of the law of the case doctrine that prohibits a lower court from reconsidering on remand issues laid to rest by a mandate of the higher court."  United States v. Alston, 722 F.3d 603, 606 (4th Cir. 2013).  "[I]n the absence of exceptional circumstances, [the mandate rule] compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993); see also United States v. Lentz, 352 F. Supp. 2d 718, 727 (E.D. Va. 2005) (Ellis, J.) ("[P]ursuant to the mandate rule, when an appellate court remands an appeal for further proceedings, a district court must, except

3

in rare circumstances, implement both the letter and spirit of the mandate.")
(citation and internal quotation marks omitted).

Here, the Defendant moved for a stay of the mandate, citing its pursuit of a petition for writ of certiorari.  After due consideration of the Defendant's motion and weighing the applicable factors, the Court of Appeals denied this request.[2]  By seeking a stay of the proceedings of this Court, the Defendant essentially renews this request.[3]  Considering the scope of the Court of Appeals' mandate, and this Court's obligation to comply with directives of the appellate court, the Court concludes that granting the requested stay would violate the spirit of the Court of Appeals' mandate in this case.  See Lentz, 352 F. Supp. 2d at 727 ("for this Court to grant the stay requested would permit [the defendant] to obtain in the district court that which the Fourth Circuit explicitly refused"); see also In re: Servotronics, Inc., No. 2:18-mc-

---

[2] The Court of Appeals' Order denying a stay of the mandate does not set forth any specific analysis of the Defendant's arguments.  This lack of an explanation, however, does not justify a reconsideration of the Court of Appeals' decision.  See In re: A.F. Moore & Assocs., Inc., 974 F.3d 836, 840-41 (7th Cir. 2020) ("Our summary denial certainly did not reflect inattention to the defendants' arguments; if anything, it reflected our view that our disposition of the motion was not a close call.  In any event, though, it should not have mattered to the district court that we summarily denied the defendants' motion.  An order is an order regardless [of] whether it contains an explanation.").

[3] The Defendant argues that it does not seek a stay of the mandate, but rather "seeks only a stay of proceedings under this Court's inherent authority to control its docket." [Doc. 82 at 2].  As the Lentz court explained, "a district court may only invoke this discretion [to manage its docket] to the extent that its exercise is consistent with the letter and the spirit of a circuit court's mandate."  Lentz, 352 F. Supp. 2d at 728.

4

00364-DCN, 2020 WL 3051247, at *3 (D.S.C. June 8, 2020) (Norton, J.) ("While the Fourth Circuit's mandate and judgment in this case simply remands the case 'for further proceedings consistent with the court's decision,' . . . the court cannot ignore the significance of the Fourth Circuit's denial of a stay."). Accordingly, the Defendant's request for a stay pending the resolution of its petition for writ of certiorari is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Stay Action [Doc. 78] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge

5