**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00002-MR-WCM**

| | | |
|---|---|---|
| **SARAH B. CONNER, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **ORDER** |
| **CLEVELAND COUNTY, NORTH CAROLINA, also known as Cleveland County Emergency Medical Services,** | ) ) ) ) ) | |
| **Defendant.** | ) ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Objections to the Proposed Collective Action Notice [Doc. 85] and the Plaintiff's Response to those Objections [Doc. 86].

On April 24, 2023, the Court entered an Order conditionally certifying a collective action for the Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b). [Doc. 84]. The Court also certified a class action for the Plaintiff's breach of contract claim pursuant to Rule 23 of the Federal Rules of Civil Procedure. [Id.]. In that Order, the Court directed the Defendant to file objections to the Plaintiff's proposed notice to putative collective action and

class members within fourteen days of the entry of the Court's Order. [Id.]. The Defendant timely filed Objections to the proposed notice on May 8, 2023. [Doc. 85]. On May 9, 2023, the Plaintiff filed a Response to the Defendant's Objections stating that she did not seek to challenge any of the Defendant's proposed changes to the notice. [Doc. 86]. The Plaintiff's Response included a revised proposed notice incorporating the Defendant's proposed changes. [Doc. 86-1].

The Court concludes that the Plaintiff's revised proposed notice is appropriate and will authorize distribution of the notice. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989) (a district court has discretion to authorize distribution of a notice it concludes is "timely, accurate, and informative"). The Plaintiff's original and revised proposed notices both contemplate a forty-five-day notice period. [Doc. 35-1 at 2; Doc. 86-1 at 3]. The Defendant has not indicated any objection to the Plaintiff's proposed length of the notice period and the Court concludes a forty-five-day notice period is appropriate. See Regan v. City of Charleston, No. 2:13-cv-3046-PMD, 2014 WL 3530135, at *10 (D.S.C. July 16, 2014) ("[D]istrict courts in the Fourth Circuit regularly authorize opt-in periods between thirty and sixty days."). The Plaintiff's Motion to Certify Class and Collective Action [Doc. 35] also sought authorization to send a reminder prior to the response

2

deadline to which the Defendant has also not indicated any objection and which the Court concludes is appropriate.

To facilitate the distribution of this notice, the Court will also order the Defendant to produce a computer-readable data file containing the names, addresses, e-mail addresses, telephone numbers, and dates of employment ("Employee Information") of all current and former "24 hours on-48 hours off personnel" for the Defendant anytime during the period of November 13, 2015, to December 31, 2017.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to the Plaintiff's proposed notice [Doc. 85] are **SUSTAINED** to the extent they have been incorporated into the revised proposed notice.

**IT IS FURTHER ORDERED** that Plaintiff's revised proposed notice [Doc. 86-1] is **APPROVED**.

**IT IS FURTHER ORDERED** that the following procedures are set out for the facilitation of distribution of the notice:

(1) Within seven (7) days of the entry of this Order, the Defendant will produce the above-defined Employee Information in a computer-readable file.

---

[1] Because the Plaintiff does not challenge the Defendant's pay plan as it was in effect beginning on January 1, 2018, the class and collective action period does not include that date.

3

(2) The revised proposed "Class Action Notice" [Doc 86-1] and corresponding "Consent to Join" form [Doc. 86-3] may be immediately issued to those individuals whose names are provided but must be mailed no later than seven (7) days following the production of the Employee Information.

(3) Eligible members of the collective and class action shall be provided forty-five (45) days after the deadline for mailing of the Notice to return a Consent to Join form opting-in to this litigation and/or to notify Class Counsel of the decision to opt-out of the North Carolina state law class, unless the Parties agree to permit late filings or good cause can be shown as to why the form and/or opt-out notification was not returned prior to the deadline.

(4) The Plaintiff may send a reminder to eligible members fifteen (15) days before the deadline for returning the Consent to Join form.

(5) The Notice and Consent to Join forms shall be mailed by first class mail and/or email, and a copy of this Notice shall be posted at a location in each of Defendant's CCEMS offices where Potential Plaintiffs are likely to view it.

**IT IS SO ORDERED.**

Signed: May 22, 2023

Martin Reidinger
Chief United States District Judge

4